UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>  PLAINTIFF, | CIVIL ACTION<br>NO. |
| v. | JURY DEMAND |
| IMPERIAL TRADING CO., LLC<br>  DEFENDANT. | |

COMPLAINT

NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended ("ADA"), and the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief for all persons affected. As alleged with greater particularity below, at all relevant times Defendant, Imperial Trading Co., LLC ("Imperial"): failed to provide leave as a reasonable accommodation to employees with disabilities; discharged disabled employees denied leave as a reasonable accommodation; subjected individuals to illegal pre-employment medical inquiries by requiring that individuals discharged due to their need for leave provide "full fitness-for-duty certificates" when reapplying for employment; and maintained a "no restrictions" policy constituting a qualification standard that screens out individuals with disabilities.

JURISDICTION & VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343 and § 1345. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and § 2000e-6, *inter alia*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.      The employment practices alleged to be unlawful were—and are now being—committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3).

## PARTIES

3.      Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADA and is expressly authorized to bring this action by the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-6, *inter alia*.

4.      At all relevant times, Imperial has continuously been a Louisiana limited liability company doing business in the State of Louisiana and the City of Elmwood, and has continuously had at least 15 employees.

5.      At all relevant times, Imperial has continuously been an employer engaged in an industry affecting commerce under the ADA, 42 U.S.C. § 12111(5) and (7).

6.      At all relevant times, Imperial has been a covered entity under the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than 30 days prior to the institution of this action, Kennedra Walker ("Ms. Walker") filed a Charge of Discrimination ("Charge") with the Commission alleging violations of the ADA by Imperial.

8.      On or about September 5, 2017, and on or about March 20, 2018, the Commission issued to Imperial Letters of Determination, finding reasonable cause to believe that Imperial violated the ADA and inviting Imperial to join with the Commission in informal methods of

conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.  The Commission and Imperial engaged in informal methods of conciliation to endeavor to eliminate the unlawful employment practices identified in the Letters of Determination and provide appropriate relief.

10. On or about April 10, 2018, the Commission issued to Imperial a Notice of Failure of Conciliation advising Imperial that the Commission had been unable to secure from it a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this action have been fulfilled.

### STATEMENT OF CLAIMS

12. Since at least August 20, 2015, Imperial has engaged in unlawful employment practices, in violation of the ADA, 42 U.S.C. § 12112(a) and (b). In particular, Imperial: failed to provide leave as a reasonable accommodation to employees with disabilities; discharged disabled employees, including Ms. Walker; denied leave as a reasonable accommodation; subjected individuals to illegal preemployment medical inquiries by requiring that individuals discharged due to their need for leave provide "full fitness-for-duty certificates" when reapplying for employment; and maintained a "no restrictions" policy constituting a qualification standard that screens out individuals with disabilities.

   A.  Imperial had a policy of failing to provide leave as a reasonable accommodation to employees—and actually failed to provide leave as a reasonable accommodation to a class of employees, including Ms. Walker—in violation of the ADA, 42 U.S.C. § 12112(b)(5).

3

   B. Imperial had a policy of discharging employees—and actually discharged a class of employees, including Ms. Walker—because of disability in violation of the ADA, 42 U.S.C. § 12112(b)(1).

   C. Imperial had a policy of making medical inquiries of applicants—and actually made medical inquires of applicants—as to whether they had disabilities and as to the nature and severity of those disabilities in violation of the ADA, 42 U.S.C. § 12112(d)(2)(A). In particular, Imperial inquired of such applicants as to whether they were 100% healed it would consider rehiring them.

   D. Imperial had a policy of using—and actually used used—qualification standards, employment tests, and/or other selection criteria that screened out or tended to screen out applicants with disabilities in violation of the ADA, § 42 U.S.C. § 12112(b)(6). In particular, Imperial refused to hire such applicants who were not 100% healed, regardless of whether they could perform the essential functions of the positions with or without reasonable accommodations.

  13. Each member of the classes of affected persons described herein, including Ms. Walker, is a qualified individual with a disability under the ADA.

  14. On or about September 22, 2014, Imperial hired Ms. Walker as a utility clerk; on or before August 14, 2015, Ms. Walker had an impairment—"cervical dysplasia—cervical cancer"—that substantially limited one or more major life activities, including but not limited to normal cell growth; Ms. Walker and her doctor informed Imperial that Ms. Walker would be undergoing treatment for her "cervical dysplasia—cervical cancer" on August 21, 2015, and would be unable to return until August 31, 2015; Ms. Walker requested unpaid leave for August 21, 2015, and August 24 through August 28, 2015; Imperial refused to consider Ms. Walker's request for unpaid leave as a reasonable accommodation under the ADA; on or about on August

4

20, 2015, Imperial discharged Ms. Walker, because of her disability; Ms. Walker is a member of the class of employees for whom Imperial refused to provide leave as a reasonable accommodation and whom Imperial discharged because of disability.

15. The effect of Imperial's unlawful employment practices complained of above has been to deprive Imperial's affected employees, including Ms. Walker, and its affected applicants of equal employment opportunities and to otherwise adversely affect those employees' and applicants' status because of disability.

16. The unlawful employment practices complained of above were intentional.

17. Imperial acted with malice and reckless indifference to the federally protected rights of its employees, including Ms. Walker, and its applicants when it engaged in the unlawful employment practices complained of above.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Imperial, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its applicants or employees on the basis of disability.

B. Order Imperial to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Imperial to make whole its employees, including Ms. Walker, and applicants, who were adversely affected by Imperial's unlawful conduct complained of herein, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited reinstatement.

D. Order Imperial to post and keep posted the notices required by the ADA, 42 U.S.C. § 12115, which incorporates by reference Title VII, 42 U.S.C. § 2000e-10(a).

E. Order Imperial to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-8(c).

F. Order Imperial to make whole its employees, including Ms. Walker, and applicants, who were adversely affected by Imperial's unlawful conduct complained of herein, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, front pay, job-search, medical, and other expenses, in amounts to be determined at trial.

G. Order Imperial to make whole its employees, including Ms. Walker, and applicants, who were adversely affected by Imperial's unlawful conduct complained of herein, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

H. Order Imperial to pay to Ms. Walker, all affected class members, and all other "complaining parties" within the meaning of 42 U.S.C. § 1981a punitive damages for its malicious and reckless conduct, as described in above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable by jury.

        Respectfully submitted,

        **JAMES L. LEE**
        Deputy General Counsel
        U.S. Equal Employment Opportunity Commission
        No Bar No. Assigned

        **GWENDOLYN YOUNG REAMS**
        Associate General Counsel
        U.S. Equal Employment Opportunity Commission
        No Bar No. Assigned

        **RUDY L. SUSTAITA**
        Regional Attorney
        U.S. Equal Employment Opportunity Commission
        Houston District Office
        1919 Smith Street, 7th Floor
        Houston, Texas 77002
        Phone: (713) 651-4970
        Fax: (713) 651-4995
        Texas Bar No. 19523560

        **GREGORY T. JUGE**
        Supervisory Trial Attorney
        U.S. Equal Employment Opportunity Commission
        New Orleans Field Office
        Hale Boggs Federal Building
        500 Poydras Street, Suite 809
        New Orleans, LA 70130
        Phone: (504) 676-8239
        Fax: (504) 595-2886
        Louisiana Bar No. 20890

8

/s/ Alexandra Navarre-Davis
**ALEXANDRA NAVARRE-DAVIS, T.A.**
Trial Attorney
LA Bar Roll No. 35000
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
500 Poydras Street Suite 809
New Orleans, LA 70130
Direct:(504)595-2914
Fax: (504) 595-2886
alexandra.navarre-davis@eeoc.gov

COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Cheryl Analla
Imperial Trading Co., LLC
701 Edwards Avenue
Elmwood, LA 70123