UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| Plaintiff, | Case No. 2:18-cv-08930-NJB-JCW |
| v. | District Judge Wendy B. Vitter |
| **IMPERIAL TRADING CO., LLC** | Magistrate Judge Joseph C. Wilkinson, Jr. |
| Defendant. | |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") brought this lawsuit against Defendant, Imperial Trading Co., LLC ("Defendant" or "Imperial"). The EEOC's Complaint alleges that Imperial violated Title I of the Americans with Disabilities Act, as amended, and Title I of the Civil Right Act of 1991 when it discriminated against Ms. Kennedra Walker—and a class of individuals—on the basis of disability.

Ms. Walker filed a Charge of Discrimination. Prior to filing its Complaint, the EEOC issued a Letter of Determination ("Determination"), stating that there was reasonable cause to believe that Imperial discriminated against Ms. Walker and a class of individuals on the basis of disability. The EEOC issued a Notice of Conciliation Failure after it was unable to secure a resolution acceptable to the Commission. Thereafter, the EEOC filed its Complaint. Imperial denies any liability and is entering into this Consent Decree to buy peace and avoid the cost of litigation.

1

## JURISDICTION AND VENUE

In the interest of avoiding the costs, uncertainties, and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343 and § 1345. This action is authorized and was instituted pursuant to the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, venue lies within this Court pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3). The parties agree that this Court has personal jurisdiction over them. Imperial Trading Co., LLC expressly agrees that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ordered, adjudged, and decreed:**

## DURATION

1.      This Consent Decree will remain in effect for a period of three (3) years from the date of its entry. The EEOC may seek relief from the Court for a breach of the Decree at any time during that period or in the six (6) months following it.

## DEFINITIONS

a. "Imperial Trading Co., LLC" or "Defendant" means and refers to the Defendant, Imperial Trading Co., LLC, and its predecessors, successors and assigns, and agents.

b. "EEOC" or "Plaintiff" means the Plaintiff, U.S. Equal Employment Opportunity Commission, an agency of the United States.

c. "Charge" or "Charge of Discrimination" means Ms. Kennedra Walker's Charge of Discrimination, EEOC Charge No. 461-2015-01966.

d. "Ms. Walker" means Kennedra Walker and any person who may have rights through Ms. Walker.

e. "Days" means calendar days.

f. "Effective Date" means the date the Court enters this Decree.

g. "Court" refers to the United States District Court for the Eastern District of Louisiana.

h. "Consent Decree" and "Decree" are used interchangeably.

i. "Liaison" means the representative appointed by Imperial Trading Co., LLC to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all terms and conditions of the Decree.

j. "Person with a disability" means a person who has a disability within the meaning of the ADA, whether under the "actual", "regarded as", or "record of" section of the statute.

## GENERAL PROVISIONS

2. This Decree resolves all claims and issues raised in Ms. Walker's Charge, the EEOC's Determinations regarding that Charge, and the EEOC's Complaint in this action. The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against Imperial Trading Co., LLC.

3. The EEOC and Imperial Trading Co., LLC must bear their own attorneys' fees and costs incurred in connection with this action.

4. The Court retains jurisdiction to enforce the terms and conditions of, and to resolve disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree.

5. This Consent Decree constitutes the complete understanding between the EEOC and Imperial Trading Co., LLC, with regard to the matters discussed herein.

6. If one or more provisions of this Consent Decree are rendered unlawful or unenforceable, the EEOC and Imperial Trading Co., LLC must attempt to meet and confer in good faith to decide if and how such a provision must be amended to effectuate the purpose of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

7. The EEOC and Imperial Trading Co., LLC agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this Decree if the parties have consented in writing. A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the court amend the Decree.

## SCOPE

8. This Decree applies to all facilities owned, operated, or controlled by Imperial Trading Co., LLC.

## PROHIBITED DISCRIMINATION

9. While this Consent Decree is in effect, Imperial Trading Co., LLC is hereby enjoined from:

   A. Failing to provide a reasonable accommodation to employees with disabilities covered by the ADA.

B.   Discharging employees because they have a physical or mental impairment that constitutes a disability covered by the ADA.

C.   Making medical inquiries of job applicants regarding their medical condition prior to a job offer, or otherwise making medical inquiries in violation of the ADA.

D.   Refusing to hire job applicants who are not 100% healed regardless of whether the applicant could perform the essential functions of the position for which he or she applied, with or without reasonable accommodations.

E.   Retaliating against any employee or applicant who (1) has filed this or any other charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation by the EEOC, or (5) has received or receives relief or damages as a result of this or any other investigation or litigation.

10.  **Monetary relief.**

   a. **Monetary relief for Ms. Walker.** Imperial Trading Co., LLC shall, within 30 days of the Court's entry of this Decree, pay $50,000 (fifty thousand dollars) to Ms. Walker. $11,000 of the settlement amount paid to Ms. Walker shall constitute "wages" for tax purposes. The remaining $39,000 paid to Ms. Walker shall be relief pursuant to 42 U.S.C. § 1981a, and will not be subject to tax withholding. Imperial Trading Co., LLC shall issue two cashier's checks to Ms. Walker — one for the wages, less withholding, and the other for the full amount of $39,000. Imperial Trading Co., LLC shall timely report the payment to the IRS via Forms

       1099 and W-2 which shall be provided to Ms. Walker not later than January 31, 2021.

    b. **Class settlement fund.** Additionally, Imperial Trading Co., LLC, shall pay $90,000.00 in relief to class members, which shall be considered relief for lost wages and relief pursuant to 42 U.S.C. § 1981a (the "class settlement fund"). The EEOC shall have full and sole discretion to determine to whom and in what amounts the class settlement fund is distributed, so long as the persons designated to receive funds are employees, former employees, or applicants of Imperial. Within 60 days of the entry of this Decree, the EEOC shall inform Defendant of the payees and amounts of payments from the class settlement fund. Defendant shall, within 30 days of said determination by the EEOC, mail cashier's checks to the payees to the addresses provided by EEOC, and in the amounts determined by the EEOC. Imperial also shall issue IRS Form W-2s to the payees for any amounts deemed as lost wages, and shall issue IRS Form 1099s for the amounts not deemed as lost wages.

11. Imperial Trading Co., LLC must submit a copy of all settlement checks to the EEOC within fifteen (15) days of submission of the payment(s) in the manner specified for notice under this Decree. Ms. Walker and any other employee, former employee or applicant who receives a payment from the class settlement fund must execute a release of all claims against Imperial related to alleged disability discrimination, (including the failure to provide leave, imposing a requirement of a fully healed release as a condition to be hired or returned to work, or wrongful termination) occurring prior to the date of this Decree. The form of the Release is attached as Exhibit B to the Decree.

## INDIVIDUAL NON-MONETARY RELIEF FOR MS. WALKER

12. If asked for a job reference regarding Ms. Walker, Imperial Trading Co., LLC must not discuss, mention, or allude in any way, whether directly or indirectly, to Ms. Walker's filing of the charge, the charge itself, the EEOC's investigation of the charge, the EEOC's Complaint, or this Decree. Additionally, Imperial Trading Co., LLC must not make any statement which directly or indirectly negatively reflects on Ms. Walker's candidacy for the job in question. Any inquiries regarding job references should be directed to Imperial's Vice President of Human Resources.

13. Imperial Trading Co., LLC must exclude from Ms. Walker's personnel file and segregate, and keep confidential, all documents, records, and information, whether electronic or otherwise, regarding Ms. Walker's filing of the charge, the charge itself, the EEOC's investigation of the charge, the EEOC's complaint, or this Decree.

## POLICY CHANGES

14. It shall be the policy of Imperial Trading Co., LLC to engage in the interactive process to determine whether any accommodation is available to employees with physical or mental impairments covered by the ADA, independent of its obligations under Family Medical Leave Act ("FMLA").

15. During the duration of the Decree, if any employee requests to Human Resources that unpaid leave be granted to them to accommodate any disability they may have, or to receive treatment for any such disability, Imperial agrees to consider whether to grant the request.

16. Imperial shall not discharge disabled employees because they have requested a reasonable accommodation of their disability.

17. It shall be the policy of Imperial Trading that it will not require workers seeking to return from leave, or who are reapplying after being terminated for having exhausted leave, to certify "full fitness for duty" prior to returning or being rehired. Imperial Trading does not have a "100%

7

healed" policy, and since at least April 2017, has not had a policy of terminating employees seeking leave who are not eligible for FMLA leave.

18. It shall be the policy of Imperial Trading not to impose or maintain a "no restrictions" policy on applicants or employees with physical or mental impairments.

## IMPERIAL TRADING CO., LLC, LIAISON

19. Imperial Trading Co., LLC must designate a Liaison within 15 days of the entry of this Decree. The Liaison must be an officer of Imperial Trading Co., LLC who possesses the knowledge, capability, and resources to monitor Imperial's compliance with the terms and conditions of the Consent Decree.

20. Imperial Trading Co., LLC must assign the Liaison the responsibility of ensuring Imperial complies with the Decree. The Liaison must have the authority to act on behalf of Imperial Trading Co., LLC with regard to the terms of the Consent Decree. Any act or failure to act by the Liaison will be attributable to Imperial Trading Co., LLC.

21. The Liaison must report to and be supervised by the president—or equivalent—of Imperial Trading Co., LLC.

22. Imperial Trading Co., LLC must appoint a replacement Liaison within 15 days of the removal, resignation, or incapacitation of that—or any subsequent—Liaison.

23. Upon appointing an initial or replacement Liaison, Imperial Trading Co., LLC must within 15 days provide notice to the EEOC, of the newly appointed Liaison's name, mailing address, e-mail address, telephone number, job title, work experience, education, and training.

## GENERAL REPORTING PROVISIONS

24. During the duration of this Consent Decree, Imperial Trading Co., LLC must, through its Liaison, provide a General Report, bi-annually, as set forth below. The General Report must

describe how Imperial Trading Co., LLC has complied with the Decree and provide supporting evidence that it has complied with the non-monetary and monetary provisions of the Consent Decree. If Imperial Trading Co., LLC has failed to comply with the terms and conditions of the Decree, it must explain why it has not complied and provide a plan for remedying its failure to comply. However, by explaining it has not complied, Imperial Trading Co., LLC does not prevent the EEOC from moving to enforce the Decree for its failure to comply.

25. Further, during the operation this Decree, the General Report to the EEOC must describe any complaint of disability discrimination and/or retaliation that has been brought to the attention of the Liaison, the Human Resources department or a manager, whether formal or informal, or any investigation made under the policy against disability discrimination, and any violation found as a result of such a report or investigation, and any discipline taken, and must likewise provide all supporting documentation.

26. The first General Report is due one hundred twenty (120) days after the entry of this Decree.

27. The second General Report is one hundred eighty (180) days after the submission of the first report.

28. The third General Report is due one hundred eighty (180) days after submission of the second report.

29. The fourth General Report is due one hundred eighty (180) days after submission of the third report.

30. The fifth General Report is due one hundred eighty (180) days after submission of the fourth report.

31. The sixth General Report is due sixty (60) days before the expiration of the Decree.

## IMPERIAL LIAISON TRAINING

32. In addition to other specified training obligations set forth in this Decree below, Imperial Trading Co., LLC must provide each Liaison with at least two (2) hours of training, which must cover the terms and conditions of this Decree and how to ensure that Imperial Trading Co., LLC complies with those terms and conditions, and how to prepare and submit each of the reports required under this Decree.

33. Imperial Trading Co., LLC, through its Liaison, must submit to the EEOC the identity of the trainer who will provide the training in paragraph 37, below, and the outline and materials for the training at least thirty (30) days after the Liaison is appointed. It must do so pursuant to procedures for providing notice under this Decree. The EEOC then has fifteen (15) days to reject the trainer or the outline and materials. Unless the EEOC agrees otherwise, the trainer must be an attorney with at least five (5) years of experience handling employment discrimination matters. If the EEOC rejects the trainer or the outlines and materials, Imperial Trading Co., LLC through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within fifteen (15) days, pursuant to procedures for providing notice under this Decree. Liaison training must take place no later than thirty (30) days following (a) the expiration of the period by which the EEOC must reject the trainer, outline, or materials; or (b) the EEOC's approval of the proposed trainer, outline, and materials, whichever occurs first.

## IMPERIAL LIAISON TRAINING REPORT

34. Within fifteen (15) days of the completion of the Liaison training, Imperial Trading Co., LLC through its Liaison, must submit a Liaison Training Report to the EEOC, describing the training and containing supporting documentation.

35.     The Liaison Training Report must, at the very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of any Liaison who attended each training.

36.     The Liaison Training Report must further contain an executed declaration by the Liaison that the Liaison attended the training and the date, time, and place of attendance.

## EMPLOYEE TRAINING

37.     Imperial Trading Co., LLC through its Liaison, with assistance from an attorney, must provide each of its supervisors and managers, at least once per year while this Consent Decree is in effect, at least two (2) hours training regarding equal opportunity in the workplace, the avoidance of any unlawful discrimination, and employees' rights under the ADA. Each training session hereunder must include training regarding:

   A.   The purpose and fundamentals of the ADA, including the definitions of the ADA; whether a person is qualified to perform the essential functions of the position with or without a reasonable accommodation; what constitutes reasonable accommodation under the ADA; employee rights and protections under the ADA.

   B.   What is prohibited and what is required under the ADA.

   C.   Imperial Trading Co., LLC's duties under the ADA.

   D.   Manager and Supervisory Responsibilities, and employee / applicant rights under the ADA.

    E. Imperial Trading Co., LLC's procedures for engaging in an interactive process with an employee regarding reasonable accommodation of their disability and the appropriate procedures for granting or denying a request for a reasonable accommodation.

    F. Imperial Trading Co., LLC's anti-discrimination and complaint-reporting policies.

    G. EEOC guidance on the ADA and its administration.

38. All such employee training must be in person.

39. The first employee training must occur within one hundred fifty (150) days after Imperial Trading Co., LLC completes its Liaison training.

40. The second employee training must occur at least one hundred fifty (150) days before the first anniversary of the entry of the Consent Decree,

41. The third training must occur at least one hundred fifty (150) days before the second anniversary of the entry of the Consent Decree.

42. Imperial Trading Co., LLC through its Liaison, must submit to the EEOC, using the procedures for providing notice under this Decree, the identity of the trainer and the outline and materials for the training at least sixty (60) days prior to each training. The EEOC then has thirty (30) days to reject the trainer or the outline and materials. If the EEOC rejects the trainer, outlines, or materials within the thirty (30) day period, Imperial Trading Co., LLC through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within fifteen (15) days. The EEOC's failure to reject the trainer, materials, or outline within the thirty (30) day period shall be deemed as an acceptance of the trainer, outline, and materials.

## EMPLOYEE TRAINING REPORT

43. Imperial Trading Co., LLC through its Liaison, must submit an Employee Training Report to the EEOC, describing the training and containing supporting documentation, within fifteen (15) days of each such training. The Employee Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of the employees who attended each training. The Employee Training Report must further contain an executed declaration by each employee that they attended the training (such a declaration may be in the form of a sign-in registry, but must contain the clearly-printed name of each employee, in addition to his / her signature). The Employee Training Report must likewise include a declaration by Imperial Trading Co., LLC through its Liaison, attesting to its accuracy under penalty of perjury.

## ANTI-DISCRIMINATION POLICIES

44. Within ninety (90) days from the entry of this Decree, and to the extent it does not otherwise have such a policy, Imperial Trading Co., LLC must adopt an anti-discrimination policy that, at a minimum, meets the following criteria regarding the Americans with Disabilities Act prohibitions:

> A. Prohibits discrimination against any employee and/or applicant on the basis of disability in violation of the ADA.
>
> B. Prohibits any act, policy, or practice that has the effect of discriminating against any employee and/or applicant on the basis of disability in violation of the ADA.
>
> C. Prohibits actions taken against any employee, because of their actual or perceived physical or mental impairments, without engaging in an interactive process with the

employee to ensure they are able to perform the essential functions of their job with or without accommodation.

D. Provides a process for reporting and/or complaining about discrimination and/or retaliation prohibited by the ADA and a process for requesting reasonable accommodations under the ADA which shall identify the contact names, addresses (including email) and telephone numbers to whom complaints and reports should be made.

E. Provides a complaint and reporting process that protects the confidentiality of any complaints to the extent possible and provides a prompt, thorough, and impartial investigation and assurances that the Defendant will take prompt and appropriate corrective action.

F. Provides that anyone who engages in retaliation prohibited by the ADA will be disciplined, up to and including discharge.

45. This policy will also be posted in a conspicuous and accessible place for all employees and printed in a font that is easily legible (at least 12-point font). This policy will be consistent with law and the Commission's regulations and guidance.

46. During the operation of this Decree, the General Report to the EEOC must describe the implementation of (and, if necessary, any subsequent alteration of) its anti-discrimination policy and must contain supporting documentation, including the anti-discrimination policy itself.

47. Within one hundred and twenty (120) days of the effective date of this Decree, Defendant will certify to the Commission, under penalty of perjury, that this policy has been posted as discussed above.

48. Further, as discussed above, in its General Report to the EEOC, Imperial Trading Co., LLC must describe any complaint of disability discrimination and/or retaliation that has been brought to the attention of the Liaison, the Human Resources department or a manager — whether formal or informal and whether written or oral—or investigation made under the anti-discrimination policy, and any violation found as a result of such a report or investigation, as well as any discipline taken, and must likewise provide all supporting documentation.

## RECORDS PRESERVATION

49. During the operation of this Decree, Imperial Trading Co., LLC must preserve and maintain all documents, information, and records—electronic or otherwise— that might be relevant to this action, including documents related to employees who request leave as an accommodation for a health condition or treatment of a health condition, regardless of whether they are discoverable or admissible in this action.

50. Imperial Trading Co., LLC must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and/or the ADA and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this Decree do not constitute any waiver, diminution, or obviation of the recordkeeping and reporting requirements imposed by federal law.

## EEOC AND IMPERIAL TRADING ATTORNEY NOTICES

51. All notices, reports, and information to the EEOC required under this Decree—including but not limited to the General Reports, Liaison Training Reports and Employee Training Reports—must be submitted to the EEOC in an email sent to all of the following email addresses:

andrew.kingsley@eeoc.gov

>   johnny.lundie@eeoc.gov
>   timothy.bowne@eeoc.gov

52. Any notices for Imperial Trading Co., LLC will be sent to:

>   steve.spalitta@imperialtrading.com
>   tjmcgoey@liskow.com

53. The EEOC may, from time to time, designate others to receive notices, reports, and information under this Decree.

## EMPLOYEE NOTICE

54. Imperial Trading Co., LLC must post a Notice to Employees—attached hereto as Exhibit A—on its premises within ten (10) days of the entry of this Decree. The Notice to Employees must be posted conspicuously where other notices to applicants and employees are customarily posted. It must remain there for at least three (3) years from the entry of this Decree. The Liaison must ensure that this obligation is met.

APPROVED AS TO FORM AND CONTENT:

FOR THE PLAINTIFF:

Respectively submitted,

**SHARON FAST GUSTAFSON**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**RUDY SUSTAITA**
Regional Attorney

**TIMOTHY M. BOWNE-T.A.**
Senior Trial Attorney
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1919 Smith Street, 6th Floor
Houston, Texas 77002

Direct line: (346) 327-7702
Legal Fax:  (713) 651-7995
timothy.bowne@eeoc.gov
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

FOR THE DEFENDANT:

Thomas J. McGoey, II
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139

**COUNSEL FOR DEFENDANT
IMPERIAL TRADING CO., LLC**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans Field Office**

500 Poydras St., Room 809
New Orleans, LA 70130
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New Orleans Direct Dial: (504) 595-2826
FAX (504) 595-2884
Website: www.eeoc.gov

**Exhibit A**
**Notice to Employees**
Resolution of EEOC v. Imperial Trading Company

Discrimination against an employee on the basis of disability violates federal law, specifically the Americans with Disabilities Act, as amended (ADA). Federal law prohibits an employer from discriminating against an employee on the basis of disability and also requires that an employer maintain an environment in which other employees do not discriminate on such basis. Federal law further prohibits an employer from retaliating against an employee who, in good faith, reports that their employer discriminated on such basis, who reports that their employer allowed others to discriminate on such basis, who files a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), or who participates in the investigation or prosecution of such a charge.

Imperial Trading Co., LLC will not tolerate discrimination on the basis of disability and likewise will not tolerate retaliation against any employee or applicant for reporting such discrimination. Such discrimination violates both federal law and Imperial Trading Co., LLC, anti-discrimination policy. Any employee who violates the law and/or our policy will be subject to substantial discipline, up to and including termination.

If you believe you or another employee have been discriminated against on the basis of your disability, please contact the EEOC:

Attn: Legal Unit
U.S. Equal Employment Opportunity Commission
500 Poydras Street, Suite 809
New Orleans, LA 70130
Telephone: 504-595-2872
Website: www.eeoc.gov

You may also report your concerns using the procedures set forth in Imperial Trading Co., LLC's policy against discrimination.

This Notice to Employees must remain posted continuously by Imperial Trading Co., LLC for three (3) years from the date below and must not be altered, defaced, removed, or covered.

Signed this _____ day of _____, 2019.

for _____
**Imperial Trading Co., LLC**

## **EXHIBIT B**

## **RELEASE**

In consideration for $ _____ paid to me by Imperial Trading Company LLC, in connection with the resolution of <u>EEOC v. Imperial Trading Company, LLC</u>, Civil Action No. 2:18-cv-08930, in the United States District Court, Eastern District of Louisiana, I waive my right to recover for any claims of disability discrimination (including failure to provide leave, imposing a requirement of a fully healed release to be hired or returned to work, or discharge of disabled employees denied leave as an accommodation) under the Americans with Disabilities Act of 1990, as amended, that I had against Imperial prior to the date of this release, and that were included in the claims alleged in EEOC's Complaint in <u>EEOC v. Imperial Trading Company, LLC</u>, Civil Action No. 2:18-cv-08930, in the United States District Court, Eastern District of Louisiana.


Date: _____          Signature: _____